FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

NOV 29 2006

Stephan Harris, Clerk
Casper

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 0 8 2006

Stephan Harris, Clerk
Cheyenne

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 06-CR-140-21D |
| SARAH LAWRENCE | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER REGARDING SERVICES PURSUANT TO SUBSECTION (e) OF THE CRIMINAL JUSTICE ACT, 18, U.S.C. § 3006A

The Court has received a motion for interim payment of attorneys fees from counsel for the above named defendant, and the Court recognizes that counsel is subject to the same pressures and constraints imposed by the terms of the Criminal Justice Act related to services in behalf of an indigent defendant. Because the expected length of the case has been more than six months, and the anticipated hardship on counsel providing services pursuant to Subsection (e) of the Criminal Justice Act for such a period without compensation in accordance with § 3.06(a) of the Guidelines for the Administration of the Criminal Justice Act, the following procedures for interim payment shall apply during the period of time in which counsel provides services in connection with this case:

1. Submission of Vouchers

Persons providing services under subsection (e) shall submit to the court clerk, interim vouchers, interim CJA Form 20, "Appointment of and Authority to Pay Court Appointed Counsel." The first interim voucher submitted shall reflect all compensation claimed and reimbursable expenses incurred from the date of appointment up until the time of the defendant's change of plea or jury trial. The final voucher shall be submitted following an acquittal or sentencing. The Interim voucher shall be submitted in accordance with this schedule. The interim voucher shall be supported by detailed and itemized time and expense statements. Chapter II, Part C of the Guidelines for the Administration of the Criminal Justice Act outlines the procedures and rules for claims by CJA attorneys and should be followed regarding the voucher.

[The Court] will review the interim voucher when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for two-thirds of the approved number of hours. This compensation will be determined by multiplying two-thirds of the approved number of hours by the applicable rate. I will also authorize for payment all reimbursable expenses reasonably incurred.

The approved interim voucher will be submitted directly to the Clerk, U.S. District Court for the District of Wyoming for payment.

After reviewing the cumulative interim voucher, I will submit it to the chief judge of the circuit, or his or her delegate, for review and approval. At the conclusion of their representation, counsel shall submit a final cumulative voucher seeking payment of the one-third balance withheld from the interim vouchers processed during the final interval, as well as payment for representation provided during the last interim period of the interval.

2. Reimbursable Expenses

Persons providing services pursuant to subsection (e) may be reimbursed for out-of-pocket expenses reasonably incurred incident to the rendering of services.

The following guidelines may be helpful:

a. Case related travel by privately owned automobile should be claimed at the rate applicable mileage rate. Transportation other than by privately owned automobile should be claimed on an actual expenses basis. Air travel in "first class" is prohibited.

b. Actual expenses incurred for meals and lodging while traveling outside of counsel's home area (as applicable), in the course of this representation must conform to the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations. For specific details concerning high cost areas, counsel should consult the clerk.

c. Telephone toll calls, telegrams, photocopying, and photographs can all be reimbursable expenses if reasonably incurred. However, general office overhead, such as rent, fax, secretarial help and telephone service, is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Rule 17, F.R.Cr.P. and 28 U.S.C. §1925.

3. Further questions or guidance

Answers to questions concerning services provided pursuant to the Criminal Justice Act can generally be found in (1) 18 U.S.C. § 3006A; (2) the Plan of the United States District Court for the District of Wyoming, available through the clerk and (3) Guidelines for the Administration of the Criminal Justice Act, published by the Administrative Office of the U.S. Courts, also available through the clerk. Should these references fail to provide the desired clarification or direction, counsel should address their inquiry directly to [The Court].

Dated this 28th day of November, 2006.

_____
William F. Downes,
Chief, United States District Judge

Approved:

_____
Chief Judge of the United States
Court of Appeals for the Tenth Circuit

Dated this ___6th___ day of _December_, 2006.